UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
THEODORE PUCKETT,

                 Plaintiff,

    -against-

NANCY ANN BERRYHILL,
COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.
------------------------------------x



MEMORANDUM DECISION
AND ORDER

17 Civ. 5392 (GBD) (KHP)

GEORGE B. DANIELS, United States District Judge:

    Plaintiff Theodore Puckett ("Plaintiff") brings this action against defendant Nancy Ann Berryhill, Commissioner of the Social Security Administration ("Commissioner"), pursuant to the Social Security Act (the "Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of the Commissioner's finding that Plaintiff was not disabled prior to December 23, 2015 under section 1514(a)(3)(A) of the Act. (*See* Compl., ECF No. 1.) Plaintiff contends that there is substantial evidence in the administrative record to demonstrate that Plaintiff was disabled prior to December 23, 2015, making him eligible for Supplemental Security Income ("SSI").

    Plaintiff, invoking Federal Rule of Civil Procedure 12(c), seeks a Judgment on the Pleadings that the Commissioner's decision should be reversed and/or the case remanded. (*See* Pl.'s Mot. for J. on the Pleadings, ECF No. 12.) The Commissioner has cross-moved for a Judgment on the Pleadings affirming her final decision that Plaintiff was not disabled prior to December 23, 2015. (*See* Def.'s Cross-Mot. for J. on the Pleadings, ECF No. 15.)

    Before this court is Magistrate Judge Katherine H. Parker's Report and Recommendation ("Report," ECF No. 20.), recommending that this court GRANT the Commissioner's cross-motion

for Judgment on the Pleadings and DENY Plaintiff's motion for Judgment on the Pleadings.[1] (*Id.* at 1.) Magistrate Judge Parker advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 47.) No objections to the Report have been filed.

## I. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). When no party files objections to a Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *Wilds v. United Parcel Service, Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.") (internal citations and quotation marks omitted).

This Court may only set aside a decision by the Commissioner if that decision is based upon legal error or not supported by substantial evidence. *See* 42 U.S.C. § 405(g); *See also Tejada v. Apfel*, 167 F.3d 770, 773 (2d Cir. 1999) ("First, the Court reviews the Commissioner's decision to determine whether the Commissioner applied the correct legal standard. Next, the Court examines the record to determine if the Commissioner's conclusions are supported by substantial evidence.") (citations omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). When applying the correct legal standard, if the Commissioner's determination is supported by substantial evidence, the decision must be upheld,

---

[1] The relevant procedural and factual background is set forth in greater detail in the Report, and is incorporated herein.

- 2 -

"even if there also is substantial evidence for the plaintiff's position." *Morillo v. Apfel*, 150 F. Supp. 2d 540, 545 (S.D.N.Y. 2001).

## II. COMMISSIONER'S CROSS-MOTION IS GRANTED

### 1. There Is Substantial Evidence to Support The Commissioner's Disability Determination

The Report correctly found that the Commissioner relied on sufficient evidence to determine that Plaintiff was not disabled prior to December 23, 2015. A claimant is entitled to SSI if he/she demonstrates that he/she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Here, the record contained substantial medical evidence, including Plaintiff's own statements regarding his functional abilities, demonstrating that Plaintiff was not limited to sedentary work, and that he could perform simple, routine work, involving occasional contact with coworkers and the general public. (Report at 38.) For example, a series of medical opinions, including those of Dr. Osorio, Dr. Kushner, and Dr. Salon, articulated that Plaintiff had the physical capacity to sit and stand throughout the day while performing simple tasks, and that he possessed the psychiatric capacity to deal with others and function on a daily basis. (*Id.* at 38–9.) Additionally, Plaintiff himself indicated on the record that he was able to perform a series of domestic and lifestyle tasks.[2] (*Id.* at 40.)

The Report also correctly found that the Commissioner did not err in determining that Plaintiff's obesity, and his use of a cane, were not sufficient to render him disabled. (Report at 41–42.) The Commissioner relied on substantial evidence in the form of the medical opinions of Dr.

---

[2] Plaintiff reported that he could care for his personal needs, manage his finances, perform chores, use public transportation, and take care of his toddler grandchild. (Report at 39, 40.)

Salon and Dr. Osorio, who stated that neither condition impacted Plaintiff's ability to work. Accordingly, the Commissioner relied on substantial evidence in her disability determination.

## 2. The Social Security Commission Fully Developed The Evidentiary Record

The Report also correctly concluded that the Social Security Commission's Administrative Law Judge ("ALJ") properly developed the record pursuant to 20 C.F.R. § 404.1512. A social security ALJ "must on behalf of all claimants ... affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding." *See Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009); *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 508–09 (2d Cir. 2009). The ALJ's duty to develop the administrative record encompasses not only the duty to obtain a claimant's medical records and reports, but also the duty to question the claimant adequately about any subjective complaints and the impact of the claimant's impairments on the claimant's functional capacity. *See Pena v. Astrue*, No. 07-cv-11099 (GWG), 2008 WL 5111317, at *8 (S.D.N.Y. Dec. 3, 2008) (internal citations omitted). Remand is appropriate where this duty is not discharged. *See Moran*, 568 F.3d at 114–15.

Here, Plaintiff alleges that the ALJ did not sufficiently develop the record because he did not obtain a copy of, or ask Dr. Akmal about, an MRI Report referenced in Dr. Akmal's written opinion.[3] (Report at 27.) "Where there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999). In this case, ALJ Reich had no need to rely on Dr. Akmal's opinion because the medical records as a whole, including Dr. Osorio's report regarding the same medical condition, referenced Plaintiff's back impairments. (Report at 28.) Therefore, the absence of further testimony regarding

---

[3] In his written opinion, Dr. Akmal relies on the MRI to diagnose Plaintiff with a herniated disc. (Report at 27.)

- 4 -

the MRI Report or the MRI Report itself did not constitute an "obvious gap" in the record. Accordingly, the Social Security Commission's ALJ fully developed the record pertaining to Plaintiff's claim.

### 3. The Commissioner Properly Applied The Treating Physician Rule

The Report correctly concluded that the ALJ properly considered the opinions of several of Plaintiff's treating physicians, including Dr. Akmal, Dr. Fishburger, and Nurse Practitioner ("NP") Bhowmick. (Report at 28.) According to the "treating physician rule," an ALJ must "grant controlling weight to the opinion of a claimant's treating physician if the opinion is well supported by medical findings and is not inconsistent with other substantial evidence." *Rosado v. Barnhart*, 290 F. Supp. 2d 431, 438 (S.D.N.Y. 2003) (citing 20 C.F.R. §§ 416.927(d)(2), 404.1527(d)(2)). If an ALJ does not give a treating physician's opinion controlling weight, he must provide "good reasons" for declining to do so. See 20 C.F.R. §§ 416.927(c)(2), 404.1527(c)(2). On the other hand, "the opinions of examining physicians are not controlling if they are contradicted by substantial evidence, be that conflicting medical evidence or other evidence in the record." *Krull v. Colvin*, 669 F. App'x 31, 32 (2d Cir. 2016).

The Report properly concluded that Dr. Akmal and Dr. Fishburger were not treating physicians, because the record shows that they only met with Plaintiff once. (Report at 28.) *See Giddings v. Astrue*, 333 F. App'x 649, 652 (2d Cir. 2009) (holding that a physician that only meets with a claimant once is not a treating physician). Further, the ALJ did not err in neglecting to specify how much weight was given to Dr. Akmal's opinion. (Report at 30.) *See Gonzalez v. Colvin*, No. 14-CV-06206 SN, 2015 WL 1514972, at *19 (S.D.N.Y. Apr. 1, 2015) (holding that failure to explicitly state the weight given to every medical opinion does not necessitate remand.) Also, Plaintiff's claim that the ALJ did not consider Dr. Akmal's opinion at all is erroneous because the record indicates that the ALJ reviewed Dr. Akmal's opinion, but found it to be inconsistent with the

opinions of other physicians on the record. (Report at 31.) As a result, the ALJ was not required to give controlling weight to Dr. Akmal and Dr. Fishburger's testimony, who were not treating physicians.

The Report properly concluded that Nurse Practitioner Bhowmick's opinion is not entitled to greater weight. (Report at 32.) *See Genier v. Astrue*, 298 F. App'x 105, 107–08 (2d Cir. 2008) (holding that nurse practitioners do not constitute "acceptable medical sources" under the treating physician rule pursuant to Social Security Ruling 06–3p, and therefore, their assessments do not warrant the same deference as a physician's opinion). Social Security regulations require ALJs to weigh and evaluate "every medical opinion." *See* 20 C.F.R. § 416.927(c). Nurse practitioners, however, were not considered "acceptable medical sources" to opine on a patient's impairments until March 27, 2017. 20 C.F.R. § 416.902. The ALJ issued his decision on March 21, 2016, prior to this change in the law. Moreover, NP Bhowmick's opinions were not well supported by the record. (Report at 33.) Therefore, ALJ Reich did not err in deciding to not afford greater weight to NP Bhowmick's opinion.

## III. CONCLUSION

Magistrate Judge Parker's Report and Recommendation is adopted. Plaintiff's motion for Judgment on the Pleadings (ECF No. 12) is DENIED. The Commissioner's cross-motion for Judgment on the Pleadings (ECF No. 15) is GRANTED.

The Clerk of Court is directed to close the motions at ECF Nos. 12 and 15, and this case.

Dated: New York, New York
      November 20, 2018

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

- 6 -